NOT FOR PUBLICATION                                                                            CLOSED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RICHARD BAGAROZY,<br><br>    Petitioner,<br><br>v.<br><br>GRACE ROGERS, et al.,<br><br>    Respondents. | CIVIL NO. 06-00712 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

  Petitioner, Richard Bagarozy ("Bagarozy" or "Petitioner"), civilly committed at the Special Treatment Unit located at the Hudson County Correctional Facility in Kearny, NJ, has petitioned this Court for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) [docket #1]. For the reasons set forth below, the Court finds that this application must be dismissed because Petitioner has failed to exhaust all available state remedies before bringing this federal petition as required under 28 U.S.C. § 2254(b)(1)(A).

**I.  INTRODUCTION**

  Petitioner is challenging a judgment of civil commitment entered against him by Judge Freedman on February 17, 2005, pursuant to the New Jersey Sexually Violent Predator Act, N.J.S.A. 30:4-27.24, *et. seq.* ("SVPA").

  This commitment relates to Petitioner's December 7, 1995 federal conviction for Conspiracy; Sexual Exploitation of Children; Interstate Transportation of Child

Pornography; Receipt, Distribution, and Reproduction of Child Pornography; and Possession of Child Pornography.  Bagarozy was sentenced, by the Honorable Judge Dickinson R. Debevoise, U.S.D.J., to 121 months of incarceration in federal prison, and three years of supervised release upon his release from imprisonment.  On September 25, 2002, the Bureau of Prisons released Bagarozy from the Federal Correctional Institution in Elkton, Ohio, beginning the three year term of supervised release.  However, on December 17, 2003, due to violating two conditions of his supervised release, Bagarozy was ordered to return to Federal Correctional Institution in Fort Dix, New Jersey, for three months.  On April 5, 2004, Deputy Attorney General Joanne Leone petitioned the Superior Court of New Jersey, Law Division, Burlington County for an order of Temporary Civil Commitment pursuant to the SVPA.  On April 26, 2004, an Order for Temporary Civil Commitment was entered, pending a final hearing.  Bagarozy's commitment hearing was held on December 20, 21, and 22, 2004, before the Honorable Philip M. Freedman, J.S.C.  Expert testimony was presented by both the State of New Jersey and Bagarozy.  On February 16, 2005, Judge Freedman issued an oral decision, finding, by clear and convincing evidence, that Bagarozy was a sexually violent predator who was at a high risk to reoffend.  Judge Freedman entered a one-year written commitment order on February 17, 2005.

On February 24, 2006, Bagarozy appealed the commitment order to the Superior Court of New Jersey Appellate Division.  That appeal is currently pending before the Appellate Division.

Petitioner filed the Petition which is now before the Court on February 16, 2006 [docket #1].  The Petition presented the following grounds: (1) the SVPA is vague and

overbroad violating Bagarozy's due process rights; (2) the SVPA is punitive and violates the constitutional guarantees against ex post facto laws and double jeopardy; (3) consideration of Bagarozy's New York convictions violates due process; (4) the SVPA violates the Constitutional guarantees of due process by failing to provide for trial by jury; (5) the New Jersey trial court relied on inadmissible and unreliable hearsay; (6) the trial court failed to consider conditional release; (7) SVPA does not authorize commitment of a New York citizen in federal custody.  The State filed an Response seeking dismissal of the Petition as unexhausted and arguing that none of the grounds presented in the Petition satisfy the standard for habeas relief [docket # 14].  The Petitioner filed a reply brief [docket #18].

II.     **STANDARD OF REVIEW**

A habeas corpus petition must meet "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  *See* 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); *accord Barry v. Bergen County Probation Dept.*, 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." *Engle v. Isaac*, 456 U.S. 107, 120 n.19 (1982).

A district court must give deference to determinations of state courts. *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir.), *cert. denied*, 534 U.S. 919 (2001); *Dickerson v. Vaughn*, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." *Stevens v. Delaware Correctional Center*, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits" in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

**III.   DISCUSSION**

A. <u>Exhaustion</u>

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted State court remedies for all grounds presented in the petition, or such process is unavailable or ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Specifically, § 2254(b)(1) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert*, 134 F.3d at 513; *Toulson v. Beyer*, 987 F.2d 984, 987-89 (3d Cir. 1993).

Moreover, § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the Exhaustion Doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court [judgment] without an opportunity to the state courts to correct a constitutional violation." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations and

internal quotation marks omitted).  "In addition, the requirement is based upon a pragmatic recognition that federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review."  *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to all levels of the state court system, including an application for discretionary review by the State's highest court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Castille*, 489 U.S. at 350-51; *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard*, 404 U.S. at 275; *United States ex rel. Kennedy v. Tyler*, 269 U.S. 13, 17 (1925); *Burkett v. Love*, 89 F.3d 135, 138 (3d Cir. 1996).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  A petitioner in the custody of the State of New Jersey exhausts his federal claims by fairly presenting them to the Law Division of the Superior Court, the Appellate Division of the Superior Court, and in a petition for certification filed in the New Jersey Supreme Court.  *Toulson*, 987 F.2d at 987-89.

The habeas petitioner carries the burden of proving total exhaustion.  *Lambert*, 134 F.3d at 513; *Toulson*, 987 F.2d at 987.  "Thus, . . . if the petitioner fails to satisfy the exhaustion requirement prior to filing a federal habeas petition and none of the exceptions apply, the federal court is precluded from granting habeas relief to the petitioner."  *Lambert*, 134 F.3d at 513-14.

Applying these precepts, this Court has reviewed the grounds Petitioner presented to the New Jersey courts.  Petitioner presented all grounds for relief to the to

the Appellate Division in his appeal from the commitment order. However, that appeal has not yet been adjudicated. Accordingly, these claims are not exhausted. *See, e.g.*, *Wallace v. Dragovich*, 143 Fed. Appx. 413, 417 (3d Cir. 2005) ("[E]xhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (citing *O'Sullivan*, 526 U.S. at 845)).

     B.     Circumstances Excusing Exhaustion

Section 2254(b)(1)(B) excuses exhaustion where there is "an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B); *see also* *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). In addition, "in rare cases certain exceptional circumstances of peculiar urgency may exist which permit a Federal court to entertain an unexhausted claim." *Christy v. Horn*, 115 F.3d 201, 206-07 (3d Cir. 1997) (citations omitted). Such a situation could exist where state remedies were entirely inadequate to adjudicate the claim, or where exhaustion would be futile. *Id.*

Petitioner does not, and cannot, argue that there is an absence of available state corrective process under 28 U.S.C. § 2254(b)(1)(B)(i). In determining whether State court review is "available" under § 2254(b)(1)(B)(i), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Any New Jersey litigant has an absolute right to appeal the final decision of a State trial court to the Superior Court, Appellate Division, both under the State Constitution, see, e.g., *In re Senior Appeals Examiners*, 60 N.J. 356, 363 (1972), and the State court rules, Pressler,

Current N.J. Court Rules, R. 2:12-3 (2006).  Bagarozy has availed himself of these rights, and his appeal is currently pending.Nor does Petitioner argue that "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(ii).  State corrective process is ineffective where  "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'"  *Lambert*, 134 F.3d at 516 (quoting *Christy v. Horn*, 115 F.3d 201, 207 (3d Cir. 1997)); *see also Gibson*, 805 F.2d at 138.  Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his claims.

Petitioner argues that he is excused from the exhaustion requirement because of "special and extraordinary circumstances," specifically that: (1) there has been inordinate delay in the state proceedings; (2) Petitioner is a New York resident; (3) Petitioner was required to live in New Jersey as a condition of supervised release; (4) the State did not immediately move to commit him upon his release from serving a federal sentence; and (5) Judge Debevoise indicated, via letter, that civil commitment was not "at all what he contemplated" when he sentenced Petitioner for the parole violation.

The Court will address these arguments in turn.  First, inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable.  *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986).  The presence of "inordinate delay does not automatically excuse the exhaustion requirement, but it does shift the burden to the state to demonstrate why exhaustion should still be required."

*Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004).  In the present case, there has been less than a one-year period in which the case was stalled.  It now appears that both parties have completed their initial briefing, and the only brief left to be filed is Petitioner's reply brief.  Although the state appeals process could have advanced more rapidly, this relatively short period of delay did not render relief for Bagarozy "effectively unavailable."  *See Wallace v. Dragovich*, 143 Fed. Appx. 413, 418 (3d Cir. 2005); *Stickman*, 357 F.3d at 341 ("In deciding whether a delay is excessive, we do consider the degree of progress made in state court.").

The Court finds the remaining four grounds equally meritless.  Petitioner has cited no caselaw supporting his arguments that state of residency, residency requirements, or delay by the state in instituting commitment proceedings justifies excusing exhaustion.  The conduct underlying Bagarozy's federal conviction took place in New Jersey, and at the time of commitment Bagarozy was present in New Jersey.  There is no basis for excusing exhaustion on these grounds.  As for Petitioner's last argument, Judge Deveboise's expectations when sentencing Bagarozy are wholly irrelevant to the exhaustion inquiry.  While Judge Debevoise's letter may be relevant to the State appellate proceedings, it provides no basis for excusing the exhaustion requirement.

Because Petitioner has not exhausted all the grounds which he presents under § 2254, because New Jersey's appellate processes are neither unavailable nor inadequate to protect his federal rights, and because the Petitioner has not demonstrated "extraordinary or special" circumstances excusing exhaustion, the Court

is constrained to dismiss the Petition without prejudice for failure to exhaust state court remedies.[1]  *See Pliler v. Ford*, 124 S.Ct. 2441 (2004); *Lambert*, 134 F.3d at 515.

    C.    <u>Certificate of Appealability</u>

Because jurists of reason would not find the Court's dismissal of the Petition for non-exhaustion debatable or incorrect, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *Walker v. Government of Virgin Islands*, 230 F.3d 82, 89 (3d Cir. 2000).

**IV.**    **<u>CONCLUSION</u>**

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


    <u>    s/ Stanley R. Chesler          </u>
    STANLEY R. CHESLER, U.S.D.J.


DATED:    September 14, 2005

---

[1] Although Respondents raised failure to exhaust in the Answer, Petitioner has not requested a stay. Moreover, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances" and nothing in the papers presented to this Court indicates that a stay is warranted.  *See Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").